# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>LOUIS JAY REMILLARD,<br><br>                Defendant. | **CR-21-47-GF-BMM**<br><br>**ORDER** |

Defendant Louis Jay Remillard ("Remillard") moves the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 37); (Doc. 42.) The Court appointed counsel to assist Remillard in this matter on February 21, 2023. (Doc. 38.)

Remillard pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. 841(a)(1). (Doc. 21.) The Court sentenced Remillard to a below-guidelines term of 104 months' incarceration and four years' supervised release on January 6, 2022. (Doc. 30.) Remillard has served approximately 21 months of his term of incarceration. (Doc. 42 at 4.)

A defendant only may file a motion for compassionate release with the Court once he has "fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court then may address the merits of the claim. The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court also may consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and to provide restitution to victims. *See id*. § 3553(a)(A), (6)-(7).

  Remillard seeks to be released from his sentence of incarceration. The Court would require Remillard to justify release by making a clear and convincing showing of both an extraordinary and compelling reason and satisfaction of the factors in § 3553(a). Remillard seeks release because of his recent gallbladder cancer diagnosis and his corresponding need for medical care that, he alleges, the Bureau of Prisons

has not provided. (Doc. 42 at 3.) Remillard claims that he has not received adequate medical care for his condition because he has not yet received chemotherapy treatment. (*Id.* at 6.)

A defendant's medical condition may constitute an "extraordinary and compelling reason" justifying release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness: a "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover." *See id.* The Court need not determine whether Remillard's medical condition and alleged lack of care constitute extraordinary and compelling reasons to justify release at this time. Title 18, U.S.C. § 3582(c)(1)(A) required Remillard to have exhausted his administrative remedies prior to filing his motion for compassionate release. The Government claims that, "as of [April 12, 2023], the [Bureau of Prisons] had no record of any compassionate release request made by Remillard." (Doc. 44 at 3.) Remillard has not contradicted this claim. (Doc. 37); (Doc. 42.) Remillard also has not identified clearly for the Court the nature and

3

chronology of his pursuit of administrative remedies, if any. *See* 18 U.S.C. § 3582(c)(1)(A). Remillard must comply with the exhaustion requirements before the Court will consider any motion for compassionate release.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Remillard's Motion for Compassionate Release (Doc. 37) is DENIED.

Dated this 12th day of May, 2023.

/s/ Brian Morris

Brian Morris, Chief District Judge
United States District Court