# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **CR-21-47-GF-BMM** |
| vs. | |
| LOUIS JAY REMILLARD, | **ORDER** |
| Defendant. | |

Defendant Louis Jay Remillard ("Remillard") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 37); (Doc. 42.) The Court appointed counsel to assist Remillard in this matter on February 21, 2023. (Doc. 38.) The Court initially denied Remillard's Motion for Compassionate Release on the basis that Remillard had failed to demonstrate his attempts to comply with the exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A). (Doc. 46.) Remillard now has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 47); (Doc. 47-1.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). The Court now will grant Remillard's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition, including a "serious and advanced illness with an end of life trajectory," may constitute an "extraordinary and compelling reason" justifying release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness, however: a "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover." *See id.*

Remillard seeks release because of his recent gallbladder cancer diagnosis. Remillard received this diagnosis in November 2022. (Doc. 42 at 5.)  Remillard claims that, due to this disease, his medical providers estimate he may remain alive for only six more months. (Doc. 42 at 6.) Remillard's medical records reveal his poor prognosis. (Doc. 48-1 at 5, 16, 54.) Remillard suffers from increasingly acute pain, jaundice, nausea, gastrointestinal complications, and infection risks due to his

metastasizing cancer. (*See, e.g.*, *id* at 4, 34, 54.) He has been moved to a prison medical facility and endures repeat hospitalizations and sick calls. (*See generally* Doc. 48-1.) His current medical records reveal that he has limited options for treatment and a low threshold for hospice care. (*Id.* at 35, 54.) Clinical notes from April 2023 describe that Remillard has an "aggressive disease with a poor prognosis and . . . high risk for infection and death." (*Id.* at 62.) These records suggest that, not only does Remillard suffer from a terminal illness rendering recovery unlikely if not impossible, but he suffers from serious medical conditions that diminish his ability to provide self-care in a carceral setting. U.S.S.G. § 1B1.13 cmt. n.1(A). The Government contends that the sentencing factors weigh against granting Remillard's release. (Doc. 44 at 8-9.)

The Court acknowledges the seriousness of Remillard's offense. Law enforcement arrested Remillard while he possessed approximately 100 grams of methamphetamine and smaller quantities of heroin and cocaine. (Doc.  33.) Remillard's criminal history also reflects a significant number of convictions, many involving property crimes. (*Id.*)  Remillard's terminal illness, significantly shortened life expectancy, and the conditions imposed by his four-year term of supervised release nevertheless satisfy the Court that Remillard does not pose a danger to public. *See* U.S.S.G. § 1B1.13(2); s*ee also United States v. Perez Alvarado*, 2020 WL 5203386 (S.D. Cal. Sept. 1, 2020); The Court also determines that the time Remillard

3

already has served, when coupled with his prognosis, satisfies the sentencing goals of just punishment, deterrence, and promoting respect for the law. *See id;* 18 U.S.C. 3353(a); *United States v. Karr*, 2020 WL 774363 (E.D. Ky. Feb. 18, 2020). Finally, Remillard has demonstrated that seeking treatment within the community upon release represents Remillard's best opportunity to access medical and palliative care in an effective manner. *See* 18 U.S.C. § 335(a)(2)(D). The sentencing factors weigh in favor of modifying Remillard's sentence for these reasons.

Remillard has demonstrated extraordinary and compelling reasons to reduce his sentence to time served. The approximately twenty-three months he has served, evaluated along with his terminal cancer diagnosis, satisfy the federal sentencing goals described in 18 U.S.C. § 3553(a). Remillard is entitled to release.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Remillard's Motion (Doc. 47) is GRANTED.

2. As of the date of this Order, Remillard's previously imposed sentence of imprisonment is REDUCED to time served.

3. This Order is STAYED for up to thirty days to allow the United States Probation Office time to verify Remillard's residence and/or establish a release plan, with preference for placement in a pre-release center or home confinement; to make appropriate travel arrangements; and to ensure

4

Remillard's release. Remillard shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made. There shall be no delay in ensuring travel arrangements are made. If more than thirty days are needed to make appropriate travel arrangements and ensure Remillard's release meets these requirements, the parties shall immediately notify the Court and show cause why the stay should be extended.

4. The United States Probation Office and the parties shall propose modified conditions of supervised release for the Court's review.

5. Remillard must provide the Court with the complete address where he will reside upon release.

Dated this 13th day of July, 2023.

_____
Brian Morris, Chief District Judge
United States District Court